IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MITCHELL A. SMITHEY                                                             PLAINTIFF

      v.      Civil No. 13-3017

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

  Plaintiff, Mitchell Smithey, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I. Procedural Background:

  The Plaintiff filed his applications for DIB and SSI on May 19, 2010, alleging an onset date of March 1, 2009, due to plantar fasciitis, carpal tunnel, neck pain, anxiety, and bipolar disorder. Tr. 165. His claims were denied both initially and upon reconsideration. An administrative hearing was then held on September 22, 2011. Tr. 23-64. Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

A the time of the administrative hearing, Plaintiff was 49 years old and possessed the equivalent of a high school education. Tr. 26, 166. He had past relevant work ("PRW") experience in retail management, as a soldier in the Army, and as a fast food cook/waiter. Tr. 166.

On February 9, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's disorder of the back, generalized anxiety disorder, personality disorder, and mood disorder did not meet or equal any Appendix 1 listing. Tr. 10-12. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work involving only frequent handling, fingering, climbing, balancing, crawling, kneeling, stooping, and crouching. Tr. 12. Further, the ALJ concluded Plaintiff could understand, remember, and carry out simple, routine, repetitive tasks, respond to usual work situations and ordinary work changes, and have incidental contact with supervisors and co-workers. However, he found that Plaintiff could not have any contact with the general public. Tr. 12. With the assistance of a vocational expert, the ALJ then decided Plaintiff could perform work as a production line assembler and plastic molding machine tenderer. Tr. 17-18.

The Appeals Council denied Plaintiff's request for review on November 30, 2012. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern of the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, the record makes clear that Plaintiff suffers from generalized anxiety disorder, personality disorder, and mood disorder. The record is replete with references to his

mental symptoms, including suicidal thoughts, suicide attempts, panic attacks, and the inability to be around others. In October 2011, Dr. Nancy Bunting completed a mental status and evaluation of adaptive functioning assessment. Tr. 374-380. She diagnosed Plaintiff with generalized anxiety disorder, alcohol and substance abuse in remission by report, personality disorder[2] not otherwise specified with a global assessment of functioning score of 50-60. She indicated that personality disorder was a rule out diagnosis given due to his presentation with oppositional defiant characteristics. Dr. Bunting also indicated that Plaintiff had "no ability to deal with co-workers and supervisors, limited ability to deal with the public, and little ability to cope with the typical mental/cognitive demands of basic work-like tasks. In spite of this, the ALJ concluded that Plaintiff could have incidental contact with supervisors and co-workers and no contact with the general public. He asserted that Plaintiff's ability to care for his two preschool age children evidences his ability to deal with others. However, Dr. Bunting was also aware of his childcare activities, yet still concluded he could not deal with co-workers and supervisors. And, given his contentious behavior during his evaluation with Dr. Bunting coupled with his rule out diagnosis of personality disorder, we find that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC.

---

[2] A personality disorder is a mental disorder characterized by a rigid and unhealthy pattern of thinking, functioning and behaving. Mayo Foundation for Medical Education and Research, *Personality Disorder*, http://www.mayoclinic.org/diseases-conditions/personality -disorders/basics/definition/con-20030111 (last accessed May 23, 2014). Individual suffering from a personality disorder have trouble perceiving and relating to situations and to people. *Id*.

AO72A
(Rev. 8/82)

## V. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)